UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SANDOVAL,<br><br>        Plaintiff,<br><br>v.<br><br>LIFECELL CORPORATION, *et al.*,<br><br>        Defendants. | Civil Action No.<br><br>21-17705 (BRM) (LDW)<br><br>**REPORT AND RECOMMENDATION** |
| ERIC BRAUM,<br><br>        Plaintiff,<br><br>v.<br><br>LIFECELL CORPORATION, *et al.*,<br><br>       Defendants. | Civil Action No.<br><br>21-17717 (BRM) (LDW) |
| THOMAS GATES,<br><br>        Plaintiff,<br><br>v.<br><br>LIFECELL CORPORATION, *et al.*,<br><br>       Defendants. | Civil Action No.<br><br>21-17723 (BRM) (LDW) |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court are plaintiffs Robert Sandoval, Eric Braum, and Thomas Gates's Motions to Remand these actions to the Superior Court of New Jersey. (ECF Nos. 11, 15).[1] Defendants LifeCell Corporation, Allergan USA, Inc., and Allergan, Inc. oppose the motion. (ECF No. 13). The Honorable Brian R. Martinotti, U.S.D.J., referred the motions to the undersigned for a Report and Recommendation. They are decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered all of the parties' written submissions on the motions, and for good cause shown, the Court respectfully recommends that plaintiffs' Motions to Remand be **DENIED**.

### I.   BACKGROUND

Plaintiffs Robert Sandoval, Eric Braum, and Thomas Gates commenced these actions in the Superior Court of New Jersey, Law Division, Morris County on September 9, 2021, alleging defects in defendants' Strattice Reconstructive Tissue Matrix hernia mesh product. (Complaints, ECF No. 1). Plaintiffs assert a number of claims against defendants sounding in products liability, negligence, and fraud, none of which arise under federal law. (*Id.*). Sandoval is a citizen of Texas. (Civ. A. No. 21-17705 Complaint ¶ 87). Braum is a citizen of Michigan. (Civ. A. No. 21-17717 Complaint ¶ 87). Gates is a citizen of Texas. (Civ. A. No. 21-17723 Complaint ¶ 87). Defendants LifeCell, Allergan USA, Inc., and Allergan, Inc. are each incorporated in Delaware. (Complaints ¶¶ 59, 70). Although the parties dispute the location of defendants' principal places of business, there is no contention that any defendant is a citizen of Texas or Michigan. Accordingly, defendants removed these actions to this Court on September 28, 2021 pursuant to 28 U.S.C.

---

[1] Plaintiffs' Motions to Remand, opposition and reply briefs, and the supporting exhibits are substantially identical in each of the above-captioned actions, so the Court will address them in a single Report and Recommendation. As the numbering of the dockets in these cases is also identical, ECF numbers cited herein refer to documents filed in each of the three cases unless otherwise noted.

§ 1441 and 28 U.S.C. § 1332, averring that the citizenship of each plaintiff is diverse from that of each defendant and the amount in controversy in each case exceeds the $75,000 jurisdictional threshold. (Notices of Removal ¶¶ 5-13, ECF No. 1).

Plaintiffs moved to remand these actions to the Superior Court of New Jersey on October 22, 2021. (ECF No. 11). Plaintiffs contend that all three defendants have principal places of business in New Jersey, and are therefore citizens of New Jersey, such that removal is barred under the "forum defendant rule," codified at 28 U.S.C. § 1441(b)(2). For the reasons set forth below, the Court finds that defendants were not citizens of New Jersey at the time these actions were filed or removed and thus recommends that the Motions to Remand be denied.

## II. DISCUSSION

A defendant may remove a civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). The district court has original jurisdiction over any civil action in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). When federal subject matter jurisdiction is premised on diversity of citizenship, however, the forum defendant rule bars removal of an otherwise removable case "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "The forum-defendant rule is not jurisdictional and is instead a defect in removal that must be raised in a timely motion to remand." *Wells Fargo Bank, N.A. v. Dey-El*, 788 F. App'x 857, 859-60 (3d Cir. 2019) (per curiam); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("This Court has long held that the

forum defendant rule is procedural rather than jurisdictional.").[2] Defendants as the removing parties bear the burden of establishing that the removals were proper. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

Although plaintiffs characterize their motions as seeking remand on the basis of lack of diversity jurisdiction, there is, in fact, no dispute that subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) existed both at the time the complaints were filed and at the time these cases were removed because no defendant is a citizen of Michigan or Texas and plaintiffs concede that the amount in controversy in each case exceeds $75,000. Nor is there any dispute that all of the corporate defendants have been properly joined and served in these actions. Therefore, the sole issue before the Court is whether any of the corporate defendants were citizens of New Jersey at the time these cases were removed such that the removals were procedurally defective.

A corporation is deemed to be a citizen of the State of its incorporation and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219 (3d Cir. 2010). A corporation's principal place of business is its "nerve center," the place where the "corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice [the principal place of business] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.* at 93. Although a corporation may have multiple offices, and its officers may telecommute from different locations, the corporation will be deemed to have only one principal place of business. *Id.* at 94-96.

---

[2] Plaintiffs timely moved to remand within 30 days after the cases were removed. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").

It is undisputed that each of the three corporate defendants was formed under the laws of the State of Delaware and, at least until mid-2021, had a principal place of business in New Jersey. (Opp. Br. at 2, ECF No. 13). Thus, the Court must determine whether the defendants effectively relocated their principal places of business from New Jersey to Illinois, as they claim, prior to removing these actions on September 28, 2021. In the context of establishing diversity subject matter jurisdiction, the Third Circuit has held that the burden of proof for a party asserting a change of domicile or citizenship is a preponderance of the evidence. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 289 (3d Cir. 2006). Although diversity jurisdiction is not in question here, the parties seem to agree that the preponderance of the evidence standard should also apply to the determination of defendants' corporate citizenship for purposes of applying the forum defendant rule.

In attempting to meet this burden, defendants submit the sworn declaration of Emily Weith, Division Counsel, Corporate Governance for AbbVie Inc. ("AbbVie"), defendants' parent corporation. Ms. Weith affirms the following facts in her Declaration: AbbVie acquired the defendants in May 2020. (Weith Decl. ¶ 2, ECF 13-1). Defendants then began the process of moving each of their headquarters to North Chicago, where AbbVie maintains its own headquarters. (*Id.* ¶ 3). "This process required appointing high-level officers and moving company documents, including corporate governance documents, to North Chicago, Illinois." (*Id.*). The move was completed by August 1, 2021. (*Id.*). "[A]ll but one of the high-level officers who control Defendants' activities were headquartered in North Chicago, Illinois" by that date. (*Id.*).

Plaintiffs argue that this "barebones declaration" is insufficient to carry defendants' preponderance burden. (Reply Br. at 2-3, ECF No. 15). They point out that the Allergan website

still lists Madison, New Jersey as their "administrative headquarters"; that defendants are still registered with the Secretaries of State in seventeen States as having their principal places of business in New Jersey; and that defendants have large corporate complexes with more than 1,800 employees in New Jersey.  (Motion to Remand at 1-6, ECF No. 11-2).

Defendants acknowledge that they still have "manufacturing facilities and some other business activities in New Jersey."  (Weith Decl. ¶ 4).  They further explain that they "are in the process of transitioning websites, and their current website directs users to the main AbbVie website with a North Chicago, Illinois address."  (*Id*.).  They also concede that their filings with the various Secretaries of State are not complete, as they are being done "on a rolling basis," but they submit proof that they have changed their principal place of business to Illinois with the California Secretary of State.  (*Id.*, Ex. 1).

The Court finds that defendants have demonstrated by a preponderance of the evidence that they relocated their principal places of business from New Jersey to Illinois prior to the filing and removal of these actions.  In making this determination, it relies upon the Weith Declaration and annexed exhibit submitted by defendants.  *McCollum*, 376 F. App'x at 219-20; *West v. Home Depot, Inc.*, Civ. A. No. 20-6462 (ES)(MAH), 2020 WL 5216519, at *2 (D.N.J. Aug. 6, 2020) ("In evaluating the citizenship of corporate parties, district courts are permitted to rely upon the parties' sworn affidavits setting forth their proper places of incorporation and principal place of business." (quotation omitted)).  That declaration attests that, as of August 1, 2021, the defendants' officers became headquartered in Illinois and that the corporate books and records had been transferred there.  Although, as plaintiffs note, the Declaration is indeed somewhat sparse, comprising four paragraphs that lack granular detail about the corporations' operations, the "nerve center" test in *Hertz* is a simple one that, in the Court's view, does not require more than what defendants

6

submitted with their opposition to the motions. The Declaration provides competent proof that all but one of these defendants' high-level officers conduct the defendant corporations' business from Illinois. It is further demonstrated that corporate books and records are located in Illinois. And defendants have submitted filings with the California Secretary of State made in late August 2021 reflecting that their principal places of business, as well as their Chief Executive Officer, Secretary and Chief Financial Officer, were by then located in Illinois. (Weith Decl., Ex. 1). This is sufficient to demonstrate that it is "more likely than not" that defendants' principal places of business were relocated to Illinois prior to the filing of the Complaints and subsequent removal of these actions. *See Bartholomew v. Newell Brands, Inc*., Civ. A. No. 20-376 (NLH) (JS), 2020 WL 5810557, at *3 (D.N.J. Sept. 30, 2020) (finding defendant had demonstrated its principal place of business was in Georgia, as opposed to New Jersey, where its "CEO and other officers, combined with its filings submitted to the SEC" showed that "high level decisions were made in Georgia," despite proof that not all business operations had been relocated from New Jersey to Georgia by date in question); *West*, 2020 WL 5216519, at *2 (finding defendant established its principal place of business in Georgia based on declaration that Georgia was the location of several executive officers, annual shareholder meeting, and the place where major business decisions were made); *but see DeLuca v. Allstate N.J. Ins. Co*., Civ. A. No. 11-4129 (WJM), 2011 WL 3794229, at *1 (D.N.J. Aug. 25, 2011) (finding defendant failed to demonstrate principal place of business in Illinois despite sworn declaration that most members of the Board of Directors and Officers "regularly report to work" at Illinois location).

      While defendants concede that they still have large manufacturing facilities in New Jersey, that is immaterial to the Court's determination of defendants' principal places of business. The *Hertz* Court acknowledged that the virtue of "administrative simplicity" in recognizing the "nerve

center" as the sole principal place of business for a corporation may compel the conclusion that other significant business sites are not the "principal" place of business in cases where a corporation has "several plants, many sales locations, and employees located in many different places." 559 U.S. at 95. Nevertheless, the Supreme Court opted for the "nerve center" test over a "general business activities" test that would weigh the importance of various corporate activities in various locations in determining a corporation's principal place of business. *Id.* The existence of considerable business activities in New Jersey therefore does not address the key inquiry in the "nerve center" test, which is the location of the "center of overall direction, control, and coordination" of the corporations. *Id.* at 96. Here, the only competent proof before the Court of the defendants' current "nerve centers" is that they were relocated to Illinois by August 1, 2021, before the complaints were filed and prior to removal.[3]

Although plaintiffs certainly raise legitimate questions about defendants' claims of an Illinois principal place of business by citing defendants' continued information in the public domain referencing a principal place of business in New Jersey, defendants satisfactorily explain that this is simply legacy information that they are in the process of updating. (Weith Decl. ¶ 4). Plaintiffs' demonstration that defendants' website and certain public filings still refer to New Jersey as their "administrative headquarters" and principal places of business, respectively, therefore does not contradict defendants' showing that they have relocated their principal places

---

[3] To the extent plaintiffs further argue that defendants cannot claim Illinois as their principal place of business simply because that is the location of the principal place of business of their parent corporation, AbbVie, their argument is misplaced. Defendants expressly disclaim reliance on such an argument, acknowledging that they must demonstrate that their own principal places of business are in Illinois under the nerve center test. (Opp. Br. at 11-12, ECF No. 13 ("But Defendants do not base their principal place of business analysis merely on the fact that AbbVie's headquarters is in Illinois.")). Likewise, the Court has placed no weight on the location of AbbVie's principal place of business in issuing this Report and Recommendation.

of business to Illinois. *See Hertz*, 559 U.S. at 97 (rejecting proposition that "the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center'"). Nor do plaintiffs seek discovery or an evidentiary hearing to attempt to challenge defendants' sworn representations. *Cf. McCollum*, 376 F. App'x at 219-20 (finding plaintiff failed to submit evidence contradicting defendant's claim in affidavit as to location of principal place of business); *West*, 2020 WL 5216519, at *2 (declining to credit plaintiff's arguments in remand motion that were made in briefs but unsupported "by an affidavit or declaration or other reliable source of information").

Because the Court finds that defendants have shown by a preponderance of the evidence that they were no longer citizens of this State at the time of filing or removal, they are not "forum defendants" barred from removing the actions to this Court. Accordingly, it is respectfully recommended that the Motions to Remand be denied and that plaintiffs are not entitled to an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that plaintiffs' Motions to Remand (ECF No. 11) be **DENIED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Brian R. Martinotti, U.S.D.J.

Dated:          December 3, 2021

                                          *s/ Leda Dunn Wettre*
                                          Hon. Leda Dunn Wettre
                                          United States Magistrate Judge

Original: Clerk of the Court
cc: Hon. Brian R. Martinotti, U.S.D.J.
All Parties